IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN V. GROSS, JR.,

            Plaintiff,

  v.

B. EDGE, et al.,

            Defendants.

OPINION and ORDER

Case No. 16-cv-588-wmc

---

*Pro se* plaintiff John V. Gross is proceeding in this civil lawsuit on claims that his medical care at the Wisconsin Secure Program Facility (WSPF) have violated his rights under the Eighth Amendment and state law. The court granted Gross leave to proceed against thirteen defendants. The Wisconsin Department of Justice represents twelve of them because they are either Wisconsin Department of Corrections (DOC) or University of Wisconsin employees (the "State Defendants"). Defendant #13, Tanya Bonson, is a nurse practitioner who has her own lawyer.

On June 12, 2018, three days before the dispositive motion filing deadline, Gross filed a series of motions seeking: assistance in recruiting counsel (dkts. 32, 45), to compel disclosure of his medical records (dkt. 40), an extension of the expert disclosure deadline (dkt. 41), to strike defendants' experts (dkt. 43), to take depositions (dkt. 44), and to stay all deadlines (dkt. 46). On June 15, 2018, Bonson filed a motion for summary judgment, and the State Defendants filed a motion for partial summary judgment.

I will give Gross some of the relief he requests by extending the expert disclosure and summary judgment deadlines, but I am denying his remaining requests.

**Motion to compel (dkt. 40)**

Gross moved to compel responses to a document request asking for (1) copies of his medical records dating back to 2012, and (2) defendants' personnel files. The State Defendants opposes both parts of this motion. With respect to Gross's personnel record requests, the State Defendants responded to this request by providing Gross the position descriptions for the State Defendants and informing Gross that these defendants have not been disciplined. Gross has not suggested that these responses were inadequate, so I am denying his motion to compel additional disclosures, with this direction for clarification by the State: it disclose to Gross if any of the State Defendants ever have been disciplined for conduct or behavior substantially similar to the conduct that is alleged against them in the instant lawsuit.

As to the medical record request, the State Defendants respond that they have permitted Gross to conduct a medical record review and request his own copies. Furthermore, because Gross indicates that he may send his medical records to potential experts, the State Defendants report that they will provide Gross's medical records in the DOC's possession if Gross executes a proper release authorizing disclosure. With respect to the release, Gross indicates that he has signed one and is attempting to work with defense counsel.

With respect to his access to his medical file, Gross replies that he receives very limited periods of time in which to review his medical records and cannot afford to make copies of the records he needs. Even if this is true, I am not compelling defendants to turn over all of his medical records from 2012 forward. For one, while Gross may want to

provide as much context about his condition as possible, his claims in this lawsuit arose

from events that took place beginning in 2015, and I not persuaded that Gross needs *all*

of his previous medical records to respond to defendants' motions for summary judgment.

Furthermore, in support of their summary judgment motions, the State Defendants'

submitted Exhibits 100 (dkts. 61-1 and 62-2) and Exhibit 102 (dkt. 62-1), which include

over 300 pages of Gross's medical records and Gross's records related to his University of

Wisconsin visits. Because Gross has received *these* materials, I am confident that Gross has

sufficient access to his medical records to litigate this case. Accordingly, I am denying his

motion to compel.


**Motions for extension (dkt. 41) and to strike (dkt. 43)**

Gross moves for an extension of time to identify his expert witnesses and to strike

defendants' expert witnesses. With respect to his extension request, Gross recognizes that

the deadline for disclosing experts was March16, 2018, but explains that his medical care

claims may hinge on expert testimony and that he has been in contact with two potential

companies that may be able to provide opinions about his medical records. Gross says that

he needs more time because he needs to forward those materials to those companies. While

the State Defendants take issue with Gross's delay, they do not oppose this request so long

as they also receive additional time and a chance to amend their expert disclosures and/or

file additional dispositive motions based on the disclosures of such experts.

The State is correct: Gross should have been more diligent, and his explanation for

why he waited this long is unpersuasive. It is still not clear if he actually has a commitment

from anyone actually to provide expert opinions in this case. Even so I will give him one more month: his new, final deadline to disclose experts is **August 17, 2018**. Gross must immediately direct his experts to contact the attorney for the State Defendants to arrange for them to receive the materials necessary for their review. If Gross actually provides expert disclosures by August 17, 2018, then the State Defendants may request the opportunity for supplemental disclosures and briefing.

I am denying Gross's motion to strike defendants' experts. Gross seeks to strike defendants' experts because they *are* defendants, and thus their opinions would be self-serving and biased. Gross is free to argue these points at trial, but Federal Rule of Civil Procedure 26(a)(2) does not prohibit parties from serving as expert witnesses, and Gross has not articulated an alternative basis to strike them.

**Motion to take deposition (dkt. 44)**

Gross seeks to take the depositions of *all* of the defendants because he believes that their written discovery responses have not been sufficiently helpful. Defendants' attorneys respond that they will produce defendants for depositions upon receiving a proper notice pursuant to Federal Rule of Civil Procedure 30(b). Therefore, I am denying this motion as unnecessary. If this motion really is about money, then Gross is out of luck. It is Gross's obligation to pay the court reporter costs for each deposition. Further, If Gross seeks to subpoena a non-party for a deposition, then he will also be required to pay their witness fees. The court will not cover these costs for him. If Gross cannot afford these depositions costs, then he will not be able to take them.

**Motion to stay (dkt. 46)**

Gross requests an order staying all deadlines in this matter in light of his filings. The State Defendants don't oppose the motion as long as they receive the chance to modify their expert disclosures and summary judgment filings accordingly. I will give Gross an additional month to file his opposition materials. I already decided to extend the expert disclosure deadline. I am keeping the remaining dates and deadlines in place. As mentioned above, if Gross's expert disclosures require additional briefing, I will adjust the schedule at that time. Accordingly, I am denying the motion to stay, but Gross's opposition to the motions for summary judgment is now due **August 17, 2018, and defendants' replies are due August 27, 2018.**

**Motions for assistance in recruiting counsel (dkts. 32, 45)**

Finally, Gross requests the court's assistance in recruiting counsel on the grounds that he is unfamiliar with the law, restricted by the nature of his confinement at WSPF, and this case, involving the evaluation of medical treatment decisions and reviewing MRI and x-ray results, is too legally and factually complex for him to litigate without an attorney.

The starting point for any request for appointment of counsel in civil cases is that there is no such right. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). While I will accept that Gross has satisfied the initial requirement of showing reasonable efforts to secure an attorney on his own, I am not persuaded at this stage of the lawsuit that the legal

and factual complexity of this case exceeds his ability to represent himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Gross is proceeding on Eighth Amendment and state law negligence claims against thirteen defendants, and his obligations at this point are to (1) continue engaging in discovery and his attempts to secure experts to review his medical records, and (2) respond to defendants' motions for summary judgment. These are challenging tasks involving complex questions, but at this point I will not grant Gross's request. First, his filings suggest that he is more than capable of engaging in discovery and following up with the potential experts. His discovery-related motions have been clearly written, and the fact that he has not been completely successful suggest more that he is an aggressive litigator than incompetent. Furthermore, in his discovery requests, Gross illustrates his familiarity with the important issues in his case by specifically asking defendants why they made certain treatment decisions. As to his efforts to secure experts, Gross represents that two different companies have agreed to review his medical records, thus illustrating both that he understands the relevant issues to his claims, but also that he adeptly uses his limited resources.

With respect to responding to the summary judgment motions, Gross has litigated in this court before and should be familiar with this process. Regardless, attached to the preliminary pretrial conference order in this case is Judge Conley's memorandum and instructions for responding to a motion for summary judgment. (Order (dkt. 26) at 8-9 and Prelim. Pretrial Conf. Packet at 3-10.) Gross should have received this and should review these materials in detail. To summarize, Gross's must file (1) his response to

defendants' proposed findings of fact, in which he states, as to each proposed factual finding, whether he disputes that fact and cites supporting evidence, (2) a brief in opposition to defendants' motions for summary judgment and (3) the evidentiary materials Gross relies on in his opposition materials. Gross may also submit his own proposed findings of fact that supplement defendant's proposed findings of fact.

While all of this will be challenging, Gross's filings suggest that he can accomplish these tasks. For one, Gross's filing suggest that he has been very engaged in the treatment of his medical issues, and so it appears that he can respond to many of the factual findings because they are within his personal knowledge. Furthermore, Gross's filings suggest that while he is dealing with the limitations of his incarceration, he is familiar with the applicable legal standard, recalls the events surrounding his employment and can articulate his thoughts in a readable manner.

That said, some of Gross's claims involve evaluating the medical treatment he received following surgery, and, at least in this circuit, these are the types of claim known to require either expert testimony or the assistance of an attorney to litigate. As such, I am denying Gross's requests with the understanding that this is without prejudice. Regardless, Judge Conley may review Gross's summary judgment submissions and *sua sponte* conclude that he needs counsel to properly litigate his claims at this phase.

ORDER

IT IS ORDERED that:

(1)     Plaintiff John V. Gross's motion to compel (dkt. 40), motion to strike (dkt. 43), motion to take deposition (dkt. 44), and motion to stay (dkt. 46) are DENIED.

(2)     Plaintiff's motion to extend the expert disclosure deadline (dkt. 41) is GRANTED.  The new expert disclosure deadline is **August 17, 2018.**

(3)     Plaintiff's motions for assistance in recruiting counsel (dkts. 32, 45) are DENIED without prejudice.

(4)     Plaintiff's oppositions to defendants' motions for summary judgment and partial summary judgment are due **August 17, 2018, and defendants' replies are due August 27, 2018.**

Entered this 19th day of July, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge